UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **NEXTEEL CO., LTD,** | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Court No. 22-00140 <br> ) |
| **UNITED STATES,** | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

NEXTEEL Co., Ltd. ("Plaintiff" or "NEXTEEL"), by and through its counsel, hereby alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the final results of the 2019-2020 administrative review of the antidumping duty order on *Certain Oil Country Tubular Goods from the Republic of Korea*, Case No. A-580-870, issued by the International Trade Administration of the U.S. Department of Commerce ("Commerce"). *See Certain Oil Country Tubular Goods From the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020,* 87 Fed. Reg. 20,815 (Dep't Commerce Apr. 8, 2022) ("Final Results")*,* and accompanying unpublished Issues and Decision Memorandum ("Final IDM").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1516a.

## STANDING

3.  Plaintiff, NEXTEEL is a foreign producer and exporter of subject oil country tubular goods from the Republic of Korea, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  NEXTEEL requested an administrative review of its subject entries, but Commerce did not select NEXTEEL for individual examination and thus was subject to the "non-examined companies" antidumping duty rate that is based on the average of the rates calculated for two mandatory respondents.  NEXTEEL participated in the administrative review proceeding leading to the *Final Results* by entering an appearance, filing an application to be under the administrative protective order, and filing legal arguments in connection with certain aspects of that decision.  Accordingly, NEXTEEL has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.  On April 8, 2022, Commerce published the *Final Results* in the Federal Register. *Final Results*, 87 Fed. Reg. 20,815.  On May 6, 2022, NEXTEEL timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*, and NEXTEEL is timely filing the Complaint today within thirty days of the filing of the Summons.  The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rules 3(a)(2) and 6(a).

## STATEMENT OF FACTS

5.  On October 30, 2020, Commerce initiated the 2019-2020 administrative review of the antidumping duty order on *Certain Oil Tubular Goods from the Republic of Korea*.  See *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 68,840 (Dep't Commerce Oct. 30, 2020).  Commerce's period of review was September 1, 2019 to

August 31, 2020.  On December 18, 2020, Commerce chose as mandatory respondents Hyundai Steel Company ("Hyundai Steel") and SeAH Steel Corporation ("SeAH").

6. On October 5, 2021, Commerce issued its *Preliminary Results*.  *See Certain Oil Country Tubular Goods From the Republic of Korea:  Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019-2020*, 86 Fed. Reg. 54,928 (Oct. 5, 2021) ("*Preliminary Results*") and accompanying unpublished Issues and Decision Memorandum ("Prelim. IDM").  In its *Preliminary Results*, Commerce calculated preliminary antidumping duty margins of 19.38 percent for Hyundai Steel and 3.85 percent for SeAH. *Id.* at 54,929.  As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 11.62 percent to 30 non-examined companies, including NEXTEEL, based on the average of the rates calculated for Hyundai Steel and SeAH.

7. On November 9, 2021, interested parties submitted case briefs addressing issues in the Department's *Preliminary Results*, including certain aspects of Commerce's calculation of the antidumping duty rates of the mandatory respondents, Hyundai Steel and SeAH.  On November 22, 2021, interested parties, including NEXTEEL, submitted rebuttal briefs addressing issues raised in interested parties' case briefs.  NEXTEEL argued that as a respondent not selected for individual examination it supports and incorporates the arguments on these issues raised by the mandatory respondents.

8. On April 8, 2022, Commerce published its *Final Results* in the Federal Register. Commerce calculated antidumping duty margins of 19.54 percent *ad valorem* for Hyundai Steel and 3.85 percent *ad valorem* for SeAH.  *See* Final Results, 85 Fed. Reg. at 20,816.  Commerce also assigned a final antidumping duty rate of 11.70 percent *ad valorem* to the non-examined companies, including NEXTEEL, based on the average of the final rates calculated for the two

mandatory respondents. *Id*.  The legal bases for Commerce's *Final Results* were set forth in an unpublished Issues and Decision Memorandum dated April 1, 2022.

9. After the publication of the *Final Results* in the Federal Register, on April 8, 2022, NEXTEEL timely filed this appeal to this Court.  *See* Summons, ECF No. 1.

## STATEMENT OF CLAIMS

10. The *Final Results* are unsupported by substantial record evidence and otherwise not in accordance with law in the following respects:

## COUNT I

11. Paragraphs 1 through 15 of this Complaint are incorporated herein by reference.

12. In its *Final Results*, Commerce calculated an antidumping duty rate of 11.70 percent *ad valorem* for the non-examined companies, including NEXTEEL, based on the average of the final rates calculated for the two mandatory respondents, Hyundai Steel and SeAH.  Commerce's determination and resulting calculation adjustments for Hyundai Steel in the *Final Results* directly impacted the final antidumping duty rate applicable to NEXTEEL.  Commerce's determination, including, *inter alia*, with respect to (1) the calculation of Hyundai Steel's CV profit and selling expenses using the business proprietary information of the other mandatory respondent SeAH; (2) the adjustment to the numerator and the denominator of the general and administrative ("G&A") expense ratio of Hyundai Steel's U.S. affiliate, HSU, to account for the cost of goods sold of rejected pipes that HSU sold to an unaffiliated U.S. customer; and (3) applying neutral facts available to the calculation of HSU's yield loss on further manufacturing operations is not supported by substantial evidence or otherwise in accordance with law.  As a result of Commerce's calculation adjustments for Hyundai Steel in the *Final Results*, the non-

examined companies rate applicable to NEXTEEL increased to 11.70 percent *ad valorem* as compared to the preliminary antidumping duty rate determined in the *Preliminary Results*.

13.     NEXTEEL challenges these and all other aspects of Commerce's determination and resulting calculation adjustment for Hyundai Steel as these issues directly impacted the final antidumping duty applicable to NEXTEEL.  In that regard, NEXTEEL concurs with the complaint already filed by Hyundai Steel in its separate appeal to this Court.  *See* Hyundai Steel Company v. United States, Court No. 22-00138, ECF No. 8.  Because NEXTEEL's antidumping duty margin was based, in part, on the final weighted-average dumping margin calculated for Hyundai Steel, NEXTEEL's final antidumping duty margin likewise is not supported by substantial evidence or otherwise in accordance with law.

**REQUEST FOR RELIEF**

For the foregoing reasons, NEXTEEL respectfully requests that this Court hold the foregoing aspects of Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law. Therefore, NEXTEEL respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this complaint and provide other such relief as this court deems appropriate.

Respectfully submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Kang Woo Lee

*Counsel to NEXTEEL Co., Ltd.*
*Plaintiff*

Phyllis L. Derrick
Eric Johnson

*Consultants to NEXTEEL Co., Ltd.*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999

**Dated: May 25, 2022**